UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT QUINTEN WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | 1:19CV00153SNLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Robert Quinten Woods, a person in federal custody. On April 24, 2018, Woods plead guilty before this Court to the offense of Conspiracy to Distribute a Controlled Substance and Distribution of Methamphetamine. On August 28, 2018, this Court sentenced Woods to the Bureau of Prisons for a term of 151 months. Woods' § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

**I.        BACKGROUND**

On July 18, 2017, DEA Agents utilized a confidential informant (CI) who, accompanied by an undercover officer (UC) met with Robert Q. Woods outside of an apartment in Cape Girardeau, Missouri. (Plea Stip. p. 3)[1] Woods entered the apartment

---

[1] Written Plea Agreement and Stipulation in the underlying criminal case; Document # 64 in 1:17 CR 110 SNLJ)

and returned to sell the CI and UC 55.72 grams of a mixture or substance containing methamphetamine. (Id)

On July 27, 2017, Agents executed a search warrant at that apartment, which was the residence of Robert Woods' cousin, Jameelah Woods, who was present. (Id) In the master bathroom, Agents located a small safe containing approximately 4 ounces of methamphetamine, MSM, which is commonly used as a cutting agent for methamphetamine, two sets of digital scales and numerous plastic bags. (Id) The crime lab confirmed that the drugs seized consisted of 110.9 grams of a mixture or substance containing methamphetamine. (Id)

Jameelah Woods told investigators that she was allowing her cousin, Robert Woods, to use the apartment as a location to store illegal drugs. (Plea Stip. p. 4) Officers examined Jameelah Woods cell phone and discovered a number of text message exchanges between Jameelah Woods and Robert Woods about drug distribution indicating that Robert Woods was directing Jameelah Woods concerning drug orders. (Id)

Robert Woods was indicted on November 16, 2017, and charged with one count of conspiracy to distribute more than 50 grams of a mixture or substance containing methamphetamine, and one count of distribution of more than 50 grams of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. (Doc. # 1, in cause 1:17 CR 110 SNLJ) Robert Woods pleaded guilty as charged on April 24, 2018. (Doc. # 64, in cause 1:17 CR 110 SNLJ)

Woods criminal history consists of convictions in 2002 for assaulting a law

enforcement officer (PSR ¶ 38), a conviction in the United States District Court for the Eastern District of Missouri in 2004 for possession of crack cocaine with intent to distribute (PSR ¶ 42), and a second federal conviction in the Eastern District of Missouri in 2009 for distribution of crack cocaine. (PSR ¶ 43) Woods was on supervised release for both of those priors at the time that he committed the instant offense. (PSR ¶ 46) Due to Woods' criminal history, he was determined to be a career offender and his offense level was set at 34. (PSR ¶ 31)Woods received a three level reduction for acceptance of responsibility (PSR ¶ 32, 33), and with a total offense level of 31 and a criminal history category of VI, Woods' advisory guidelines range was 188-235 months. (PSR ¶ 84)

    The presentence report noted that Woods began using marijuana and cocaine at age 12, and began using alcohol at age 15. (PSR ¶ 63) While still a young teen, Woods was diagnosed with Bipolar disorder and anger management issues. (PSR ¶ 61) Woods' drug use escalated to a point where he was using marijuana daily and using methamphetamine as much as 3-4 times a day. (PSR ¶ 63) Woods was referred to drug treatment on several occasions, including in 2008, 2009 and 2016, but consistently failed. (PSR ¶ 64) Woods did not get mental health treatment any of the times he was in the Bureau of Prisons, but was referred to both substance abuse and mental health counseling while on supervised release prior to the commission of the instant offense. (PSR ¶¶ 61, 64) Woods failed in those efforts as well, probably in large part due to his lack of participation. (Id).

3

Woods' attorney filed a nine page sentencing memorandum (Doc # 87 in cause 1:17 CR 110 SNLJ) discussing the details of Woods' disadvantaged upbringing and his struggles with substance abuse and mental illness. At the Sentencing hearing this Court acknowledged that it had carefully read the sentencing memorandum (TRS Sent, p. 16) Woods' counsel spoke on his behalf (TRS Sent, pp. 16-18), and Woods himself made a statement in allocution. (TRS Sent, pp. 19-20)

This Court sentenced Woods to 151 months of incarceration on the instance offense, concurrent as to the two counts, but consecutive to an aggregate term of 24 months on the supervised release violations. Woods did not appeal, but filed this Motion pursuant to Section 2255.

## II.    LEGAL STANDARDS

28 U.S.C. '2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the

5

case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". Id. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

### III.    DISCUSSION.

#### A.    No Evidence of Failure to Argue Certain Unknown 'Sentencing Factors" Allegations.

Woods argues that his attorney was ineffective by not arguing certain unknown sentencing factors that Woods "instructed" him to argue. (Doc # 1, p. 4) As noted, Woods has the burden to demonstrate that his counsel's performance was objectively unreasonable and, that his counsel's actions also adversely prejudiced the outcome of his case. It is impossible to analyze this particular allegation as Woods fails to disclose what

6

those unknown "sentencing factors" are supposed to have been. Woods is certainly no stranger to the criminal courts, so undisclosed factors of which he speaks must not have been significant.

Counsel is presumed to have acted "within the wide range of reasonable professional assistance." An experienced defense attorney will typically identify those factors in mitigation that they believe are most likely to assist their clients and then focus on those factors at sentencing. Strategic choices made by counsel after a thorough investigation of law and the facts relevant to plausible options are "virtually unchallengeable" *Strictland*, 690-691. Counsel cannot be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Nor are attorneys obligated to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988).

Woods has clearly not met his burden as to the "unknown sentencing factors" allegation, and this part of Woods' Section 2255 Motion will be denied.

**B.    The Record Contains Ample Evidence of Woods' Mental Health problems and Drug and Addiction.**

Woods also alleges that his attorney failed to present "compelling information" about his mental health problems and history of serious drug addiction. (Doc # 1, p. 4) Once again, Woods fails to specifically identify what particular information that his attorney

7

failed to relate to the Court, and how the receipt of that information would have changed the sentence he received. The record is replete with information as to Woods' struggles with those problems. Between the Presentence Report, Woods' sentencing memo, and the statements made by both Woods and his attorney at sentencing, this Court was fully aware of those issues.

Although Woods horrible childhood and serious drug addiction is truly tragic, the driving force behind the sentence in Woods' case was his criminal history and lack of interest or inability to take advantage of the many opportunities that he had for help in the past. This Court clearly recognized this:

> "I appreciate what you have to say, Mr. Woods, but I'm the third or fourth federal judge that you've appeared in front of now. And I'm sure all these points were raised before those other judges as well about all your background, and so forth. And I know for a fact that the Government expended a huge amount of resources to help you help yourself each time you were released from prison, and for some reason you chose not to take advantage of those resources. And it's a very sad, sad day, sad situation for you and your family and all that."

(TRS Sent. P. 21)

Even so, this Court still showed some leniency, departing downward from an advisory guidelines range of 188-235 months, to a sentence of 151 months on the instant offense. The record reflects that Woods is not entitled to relief on this basis either.

### C. No Evidence of Sentencing Disparity.

Woods finally argues that his attorney failed to address the "potential sentencing disparity between similarly charged defendants". (Doc # 1, p. 4) Wood fails to elaborate

8

upon this claim, and there is simply no evidence that Woods' sentence was unwarranted as compared to anyone else's. It is well established that when co-defendants are not similarly situated, the district court does not need to sentence them to the same length of imprisonment in order to avoid an unwarranted sentencing disparity. *United States v. Plaza*, 471 F.3d 876, 880 (8th Cir. 2006).

The record clearly reflects that Woods and his co-defendant were not similarly situated. Woods' sole co-defendant was his cousin, a young single mother with no criminal history, whom Woods took advantage of in order to facilitate his drug trafficking business. Woods on the other hand, is a career offender, with two prior convictions for drug trafficking, each of which sent him to federal prison on separate occasions. Woods was also the most culpable of the two, and received a two level enhancement for his role in the offense under Section 3B1.1(c). (PSR ¶ 18) Woods was on supervised release at the time of the instant offense and ultimately absconded from supervision. (PSR ¶ 42)

Nor should there be an issue with a sentencing disparity between Woods and similar defendants in other unrelated cases. In spite of Woods status as a career offender, he still received a sentence of 151 months, which is substantially below the bottom of the applicable guidelines range of 188-235 months. The record reflects that this ground for relief is not supported and will therefore also be dismissed without the necessity of an evidentiary hearing.

**IV.            CONCLUSION**

For the foregoing reasons, this Court denies Woods' § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Woods' has not made a substantial showing of the denial of a federal constitutional right.

Dated this 3rd day of September, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE